# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**AMIQUE DIONNE and N.D.,**
**ppa AMIQUE DIONNE**
    Plaintiffs,

v.

**JONATHAN SCHILLER, M.D. and**
**HASBRO CHILDREN'S HOSPITAL**
    Defendants,

CIVIL ACTION
No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION

1. Jurisdiction exists pursuant to 28 U.S. Code § 1332 (Diversity of citizenship; amount in controversy), due to the parties having a diversity of citizenship and there being more than seventy-five thousand dollars in issue.

### PARTIES

2. Plaintiff N.D. (hereinafter "Patient"), a minor who resides at 107 Coffin Avenue, New Bedford, Massachusetts, brings this action by and through his mother and next friend, Amique Dionne.

3. Plaintiff Amique Dionne (hereinafter "Plaintiff Mother") is an individual who resides at 107 Coffin Avenue, New Bedford, Massachusetts.

4. Defendant Hasbro Children's Hospital is a corporation doing business within the State of Rhode Island and having a principal place of business at 593 Eddy Street, Providence, RI 02903.

5. Defendant Jonathan Schiller, M.D. (hereinafter "Defendant Dr. Schiller") is an individual

who has offices at 2 Dudley Street, #200, Providence, RI 02905, and was at all times relevant to this action a physician duly licensed under the laws of the State of Rhode Island to practice medicine and surgery and served as an agent, servant and/or employee of Defendant Hasbro Children's Hospital.

## FACTS

6. At all material times hereto, Defendant, Hasbro Children's Hospital held itself out to the public in general and to Patient in particular as experts in the treatment of fractured femurs.

7. On or about November 17, 2013, Patient sought treatment with Hasbro Children's Hospital and Defendant Dr. Schiller in connection with the diagnosis and treatment of a fractured femur (hereinafter "Patient's condition").

8. On November 17, 2013, the surgery to repair the fractured femur was wrongfully delayed for hours without good reason.

9. When the surgery was performed, there was no vascular surgeon present during the surgery to assist with the procedure, as there should have been.

10. As a result, subsequent to that initial treatment, the Plaintiff N.D. developed an avascular necrosis of his hip adjacent to the fractured femur site.

## COUNT I

11. Patient hereby incorporates by reference paragraphs 1 through 10, inclusive, of the Complaint.

12. Defendant Hasbro Children's Hospital owed a duty to Patient, in providing information to, and in the treatment of Patient, to use the degree of skill and care exercised by the average qualified member of the profession and that degree of skill and care exercised in

particular by the average qualified member of the profession practicing in the specialty of pediatric orthopedic surgery.

13. On or about November 17, 2013, Defendant Hasbro Children's Hospital negligently and carelessly failed to provide Patient with sufficient information upon which Patient would be able to base an informed consent to treatment of Patient's condition.

14. As the direct and proximate result of the negligence of Defendant Hasbro Children's Hospital in providing Patient with sufficient information upon which to make an informed consent to treatment, Patient has sustained personal injuries, has suffered and continues to suffer great pain in body and mind.

Wherefore, Patient prays that judgment be entered against Defendant Hasbro Children's Hospital in the amount of $3,000,000.00 or such other amount as to fairly and adequately compensate for Patient's conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT II

15. Patient hereby incorporates by reference paragraphs 1 through 14, inclusive, of the Complaint.

16. Defendant Dr. Schiller, at all material times hereto, was a physician duly licensed under the laws of the State of Rhode Island to practice medicine and surgery and served as an agent, servant and/or employee of Defendant Hasbro Children's Hospital.

17. At all material times hereto, Defendant Dr. Schiller held himself out to the public in general and to Patient in particular as an expert in the treatment of fractured femurs.

18. On or about November 17, 2013, Patient sought treatment with Defendant Dr. Schiller for treatment of Patient's condition.

19. Defendant Dr. Schiller owed a duty to Patient, in providing information to, and in treatment of Patient to use the degree of skill and care exercised by the average qualified member of the profession and that degree of skill and care exercised in particular by the average qualified member of the profession practicing in the specialty of pediatric orthopedic surgery.

20. On or about November 17, 2013, Defendant Dr. Schiller negligently and carelessly failed to provide Patient with sufficient information upon which Patient would be able to base an informed consent to treatment of Patient's condition.

21. As the direct and proximate result of the negligence of Defendant Dr. Schiller in providing Patient with insufficient information upon which to may make an informed consent to treatment, Patient has sustained personal injuries, has suffered and continues to suffer great pain in body and mind.

Wherefore, Patient prays that judgment be entered against Defendant Dr. Schiller in the amount of $3,000,000.00 or such other amount to fairly and adequately compensate for Patient's conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT III

22. Patient hereby incorporates by reference paragraphs 1 through 21, inclusive, of the Complaint.

23. On or about November 17, 2013, Defendant Hasbro Children's Hospital breached the duty to Patient by negligently, carelessly and unskillfully performing, or for failing properly to supervise Defendant Dr. Schiller's performing, the treatment of Patient's condition.

24. As the direct and proximate result of the negligence of Defendant Hasbro Children's Hospital, and of the breach of duty to Patient, Patient has sustained personal injuries, suffered great pain in body and mind, and has had and will continue to have to expend substantial sums of money for medical care, attention and treatment.

Wherefore, Patient prays that judgment be entered against Defendant Hasbro Children's Hospital in the amount of $3,000,000.00 or such other amount to fairly and adequately compensate for Patient's conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT IV

25. Patient hereby incorporates by reference paragraphs 1 through 24, inclusive, of the Complaint.

26. On or about November 17, 2013, Defendant Dr. Schiller breached the duty to Patient by negligently, carelessly and unskillfully performing the treatment of Patient's condition.

27. As the direct and proximate result of the negligence of Defendant Dr. Schiller, and of the breach of duty to Patient, Patient has sustained personal injuries, suffered great pain in body and mind, and has had and will continue to have to expend substantial sums of money for medical care, attention and treatment.

Wherefore, Patient prays that judgment be entered against Defendant Dr. Schiller in the amount of $3,000,000.00 or such other amount to fairly and adequately compensate for Patient's conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT V

28. Plaintiff Mother hereby incorporates by reference paragraphs 1 through 27, inclusive, of

the Complaint.

29. Plaintiff Mother is, and at all times relevant to this action, was the mother of Patient.

30. As a direct and proximate result of the negligence of Defendant Hasbro Children's Hospital and Defendant Dr. Schiller, Plaintiff Mother was deprived of the care, comfort, society and companionship of Patient and has been otherwise injured.

Wherefore, Plaintiff Mother prays that judgment be entered against Defendant Hasbro Children's Hospital and Defendant Dr. Schiller in the amount of $3,000,000.00 or such other amount to fairly and adequately compensate for Plaintiff Mother's loss of consortium and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.

Dated:  November 16, 2016            Respectfully submitted,

                                     Amique Dionne, and N.D., ppa
                                     Amique Dionne
                                     By their Attorney,


                                     /s/Osler L. Peterson
                                     Osler L. Peterson, Esq.
                                     Attorney for Plaintiffs
                                     PETERSON | Law
                                     580 Washington Street
                                     Suite B
                                     Newton, MA 02458-1416
                                     BBO # 396820
                                     Phone: 617-969-1500
                                     Email: Osler.Peterson@OslerPeterson.com